IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHIRLEY DINGLE,                                )
                                               )
         Plaintiff,                            )
                                               )
    v.                                         )     1:14CV181
                                               )
HUNT PARK 60 ASSOCIATES LTD                    )
PARTNERSHIP,                                   )
                                               )
         Defendant.                            )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on an employment discrimination Complaint filed by Plaintiff Shirley Dingle. In conjunction with the Complaint, Plaintiff also submitted a partially-completed Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In this regard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Id.[1]  In addition, the Court may anticipate affirmative defenses that are clear on the face of the complaint.  Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Finally, the third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) applies if the plaintiff "seeks monetary relief against a defendant who is immune from such relief."  This provision generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiff has failed to properly complete the In Forma Pauperis form in that she failed to answer questions regarding her employment and salary.  Therefore, the Court cannot determine whether Plaintiff has the ability to pay some or all of the filing fee in this case.  Moreover, having reviewed the allegations in the Complaint, the Court concludes that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) in any event because it fails to state a claim on which relief may be granted.  Plaintiff states in her civil cover sheet that this is a civil rights/employment discrimination action. (Cover Sheet [Doc. #3].)  She apparently

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

was employed by Defendant until her employment was terminated. Plaintiff alleges that her manager, Ms. White, changed her work hours to hours that she could not work. Up to that point, Plaintiff's work schedule would change every few months "according to [Plaintiff's] full time hours at [her] other job." (Compl. [Doc. #2] at 2.) Plaintiff further alleges that she complained to Ms. White's supervisor, Ms. Wright, who said that she would arrange a meeting with both of them, but the meeting never took place. Plaintiff says that Ms. White continued her "retaliation" by refusing to allow Plaintiff to work the hours that she was previously allowed to work. Plaintiff further alleges that Ms. White continued her "retaliation" by terminating Plaintiff's employment because Plaintiff could not work the hours that she was assigned to work. Plaintiff seeks damages as relief.

Plaintiff fails to identify any particular constitutional right that she believes Defendant has violated based upon the facts set out above. The Fourth Circuit has stated with regard to claims for retaliatory conduct:

> [C]laims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution. That is, plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. A claim of retaliation that fails to implicate any constitutional right lacks even an arguable basis in law, and is properly subject to dismissal under § 1915(d).

Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (internal citation and quotation omitted). Plaintiff has also failed to identify any federal statute that was violated. Although the cover sheet references 42 U.S.C. § 2000, the provisions of 42 U.S.C. § 2000e-2 prohibit employment discrimination because of "race, color, religion, sex, or national origin," and 42 U.S.C. § 20003-3

4

prohibits retaliation against an employee who testifies, files a charge, or otherwise reports or opposes discrimination on the basis of race, color, religion, sex, or national origin. In this case, Plaintiff claims that she was fired and "retaliated against" when she could not work the hours she was assigned to work, and that the failure to accommodate her schedule was also "retaliation." However, Plaintiff has not alleged any protected conduct or activity on her part, and there is no indication of any statutory or constitutional provision that Defendant or its employees violated by not allowing Plaintiff to work the hours that she wanted to work or by terminating her employment. Therefore, Plaintiff fails to allege facts which allow the Court to reasonably infer that Defendant has violated any of Plaintiff's constitutional rights or violated any federal statute. Plaintiff has therefore failed to state a claim upon which relief may be granted, and this action should be dismissed. See Iqbal, 556 U.S. at 678.

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 11th day of March, 2014.

                                                         /s/ Joi Elizabeth Peake       
                                                        United States Magistrate Judge